SWEET, PLAINTIFF AND APPELLEE, *v.* ZALDUONDO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in an Action of Debt.

No. 1750.—Decided May 7, 1918.

PROFESSIONAL SERVICES—ATTORNEY AND CLIENT—CONTRACT.—An agreement between an attorney and his client regarding the amount of fees which the former should receive for the defense of the latter in certain actions brought against him cannot be extended to a case in which the actions were dismissed for abandonment by the plaintiff, for however general the terms of a contract may be they should not be considered to include distinct matters and different cases from those which the parties had in mind when they made the contract.

ID.—ID.—ID.—Where there is no agreement between the parties as to remuner-

ation for professional services rendered by an attorney, section 1486 of the Civil Code, as amended by the Act of February 24, 1906, is applicable. It provides that where there is no agreement as to remuneration and a disagreement should arise, the party entitled to such remuneration may sue and recover from the adverse party the reasonable value of such services in any court of competent jurisdiction.

The facts are stated in the opinion.

*Messrs. Alvarez Nava & Domínguez* for the appellant.

*Messrs. Eugenio Benítez Castaño* and *M. Benítez Flores* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an action for the recovery of fees for professional services.

On March 13, 1917, the plaintiff, Attorney Willis Sweet, filed a sworn complaint against defendant Benito Zalduondo in the District Court of San Juan, Section 2, for the recovery of $500, alleged to be the balance due him of $1,250, the amount agreed upon as his fees for conducting the defense of the defendant in an action brought by Luis Muñoz Rivera against Zalduondo and Carreras, claiming $15,000 as damages for libel, the plaintiff having received $750 of the said sum. The plaintiff also claims $1,000 as fees for services rendered in a similar action brought by Muñoz Rivera against the newspaper *La Correspondencia* and another for which services no amount was agreed upon.

In answering the complaint the defendant alleged that the plaintiff agreed to conduct the defense in both actions for $750 and that an equal amount was agreed upon for representing Zalduondo in the matter of a counter-complaint filed by him in the first of said actions to recover $50,000 from Muñoz Rivera as damages also for libel, or a total of $1,500, which was reduced later to $1,250, of which sum the plaintiff was paid $750 at one time and $150 at another, the latter sum being accepted as the balance of the account by virtue of a final agreement between the parties, for which reason the defendant owes the plaintiff nothing.

The case was tried and after considering the evidence the court concluded that the plaintiff agreed to represent the defendant in the said two actions for the sum of $1,250, of which he was paid only $750, leaving a balance due to him of $500; that the two actions were dismissed before being brought to trial, and that, as attorney for Zalduondo, Sweet filed a counter-complaint against Muñoz Rivera, without any agreement having been made as to the sum which he was to receive therefor, and the court fixes it at $200.

Based on these conclusions, the court rendered judgment on July 31, 1917, "adjudging that the defendant, Benito Zalduondo, pay the sum of $700 with interest thereon from the date of filing the complaint, together with the costs, disbursements and attorney fees." From that judgment Zalduondo took the present appeal to this court.

As a ground for the reversal of the judgment the appellant alleges that the court erred in not finding from the evidence that the fees for defending both actions and for filing the counter-complaint were agreed upon in the lump sum of $1,250 and in finding that of this sum only $750 had been paid when, in fact, $900 had been paid. He alleges also that the plaintiff is entitled to claim only a *quantum meruit,* or the reasonable value of the professional services rendered to Zalduondo, inasmuch as the actions were not carried to final judgment on their merits. In conclusion he alleges that the court erred in giving judgment against the defendant for the costs, disbursements and attorney fees.

We have examined the evidence introduced at the trial by the parties. The case is one of contradictory evidence and it does not appear that the district court was influenced by passion, prejudice or partiality, or that it committed manifest error. But as the evidence shows that on motion of Attorney Sweet in representation of Zalduondo the complaints in the actions in which the fees originated were dismissed without trial on January 10, 1916, by the District Court of the United States for Porto Rico by reason of their

abandonment by plaintiff Muñoz Rivera, we are of the opinion that the agreement entered into by the plaintiff and defendant for the payment of the sum of $1,250 for the defense of Zalduondo in both actions cannot be extended to the case of the abandonment of the actions by plaintiff Muñoz Rivera.

Section 1250 of the Revised Civil Code (1283 of the Spanish Civil Code), which was applied by the Supreme Court of the United States to the case of *Succession of Serrallés* v. *Esbrí,* 200 U. S. 103, provides that however general the terms of a contract may be, there should not be understood as included therein things and cases different from those with regard to which the person interested intended to contract.

Willis Sweet and Benito Zalduondo agreed upon a fixed amount as fees for conducting the defense of the latter in the two cases referred to and the abandonment of the actions by plaintiff Muñoz Rivera, being entirely unexpected by Zalduondo and rendering unnecessary the defense which was the subject-matter of the agreement, could not have been in the minds of the contracting parties.

There having been no agreement between the parties as to the remuneration for the professional services which Attorney Sweet actually rendered to Zalduondo, section 1486 of the Civil Code, as amended by the act of February 24, 1906, is applicable, and it provides that where there is no agreement as to remuneration and a disagreement should arise respecting the same, the party entitled to such remuneration may sue and recover from the adverse party the reasonable value of such services in any court of competent jurisdiction.

Attorney Sweet secured the removal of the two actions from the District Court of San Juan to the District Court of the United States for Porto Rico and to do this he had to study the important question of jurisdiction of the Federal

Court in relation to the two actions brought by Muñoz Rivera. Sweet answered the complaint in the suit against Zalduondo and Carreras and had to study the questions arising in both actions although they were not brought to trial. The amount sued for in the two actions was $15,000 as damages for libel. Muñoz Rivera was the Resident Commissioner to Washington and a very prominent figure in the politics of the country. The result of the two actions brought by Muñoz Rivera against Benito Zalduondo for libel would greatly affect the professional reputation of Attorney Wil'is Sweet.

In view of the foregoing the fees for the professional services which Sweet actually rendered to Zalduondo in the said two actions may be reasonably valued at $1,000. As Sweet was paid only $750, according to the finding of the trial court, Zalduondo still owes him $250.

As to the value of the professional services rendered by Sweet in the matter of the counter-complaint, it has been estimated by the lower court at $200 and Sweet has not appealed from that finding. This sum together with the other sum of $250 makes a total of $450 which Zalduondo should pay to Sweet, with interest from the date of filing the complaint.

As regards the costs, disbursements and attorney fees, we are of the opinion that in view of all the circumstances of the case there was no temerity or blame on the part of Zalduondo in defending himself against the claim made by the plaintiff, and hence that the lower court violated section 327 of the Code of Civil Procedure as amended by the act of March 12, 1908, as no blame was attached to the defense. *Martínez* v. *Padilla*, 19 P. R. R. 555, and *Vivas et al.* v. *Hernaiz, Targa & Co. et al.*, 24 P. R. R. 779.

For the foregoing reasons the judgment appealed from is modified and the defendant is adjudged to pay to the plaintiff the sum of $450, with lawful interest from March

13, 1917, the date of filing the complaint, without costs, disbursements or attorney fees.

*Modified and affirmed.*

Justices del Toro and Hutchison concurred.

Justices Wolf and Aldrey took no part in the decision of this case.